IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GARY E. TODD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 09-CV-0590-GKF-TLW |
| ) | |
| ATTORNEY GENERAL OF THE ) | |
| STATE OF OKLAHOMA, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

On September 10, 2009, Petitioner, a state inmate appearing *pro se*, filed a 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1), along with a supporting brief (Dkt. # 2). After being denied leave to proceed *in forma pauperis*, see Dkt. # 4, Petitioner paid the $5.00 filing fee. For the reasons discussed below, the Court finds the petition should be dismissed for lack of jurisdiction as a second or successive petition filed without prior authorization from the Tenth Circuit Court of Appeals. It is unnecessary to transfer this petition to the Tenth Circuit because Petitioner's claim is barred by the one-year statute of limitations.

*BACKGROUND*

On April 15, 2002, Petitioner was convicted on his plea of guilty of two (2) counts of Sexual Abuse of a Minor Child in Tulsa County District Court, Case No. CF-2001-5303. See Dkt. # 1, attached copy of Order filed September 3, 2008, in the Oklahoma Court of Criminal Appeals ("OCCA"). The Amended Information alleged that the offenses occurred between November 1, 1999, and July 31, 2001. Id. Petitioner was sentenced on April 15, 2002, to thirty (30) years imprisonment and a $500 fine on each count, with the sentences ordered to run concurrently. Id.

Petitioner did not move to withdraw his guilty pleas and did not otherwise perfect an appeal to OCCA. Petitioner did challenge his Judgment and Sentence through post-conviction proceedings filed in the state district court on May 23, 2003, July 16, 2003, and May 6, 2008. Id.

This is Petitioner's second petition for writ of habeas corpus filed in this federal district court challenging the same Tulsa County conviction. On February 9, 2006, Petitioner's prior petition, N.D. Okla. Case No. 04-CV-072-TCK, was dismissed with prejudice as barred by the one-year statute of limitations. Petitioner appealed that ruling to the Tenth Circuit Court of Appeals. By Order filed August 11, 2006, the Tenth Circuit denied a certificate of appealability and dismissed the appeal.

Now, more than three (3) years later, Petitioner again challenges his convictions entered in Tulsa County District Court, Case No. CF-01-5303. He claims that the state district court was without statutory authority to impose sentence on Count 1 because the incident underlying that offense occurred prior to the March 1, 2000, effective date of Okla. Stat. tit. 21, § 31.1, which made the crime of Sexual Abuse of a Minor Child an enumerated crime for application of Oklahoma's "85% Rule." See Dkt. # 1.

## *ANALYSIS*

Because the Court has previously considered a habeas corpus challenge by Petitioner to his convictions entered in Tulsa County District Court, Case No. CF-01-5303, this is a second or successive habeas corpus petition. Under 28 U.S.C. § 2244(b)(1), a petitioner is required to obtain authorization from the circuit court of appeals before filing second or successive petition in district court. See Moore v. Schoeman, 288 F.3d 1231, 1236 (10th Cir. 2002). Petitioner in this case did not comply with the provisions of § 2244(b) and filed his petition without obtaining prior authorization from the Tenth Circuit. See Dkt. # 1 at 10. As a result, this Court lacks jurisdiction to

address the merits of the claims asserted in the second or successive petition. United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006).

The Tenth Circuit Court of Appeals has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the appellate court stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Cline, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the mater to this court for authorization." Id. at 1252 (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases)).

After review of the petition filed in this case, the Court finds that the petition is time-barred and that, as a result, it would be a waste of judicial resources to transfer the petition to the Tenth Circuit. Petitioner asserts that the incident giving rise to his conviction for Sexual Abuse of a Minor Child in Count 1 occurred prior to March 1, 2000, the effective date of the statute defining the crime of Sexual Abuse of a Minor Child as an enumerated crime for application of Oklahoma's "85% Rule." See Dkt. # 1. As a result, he argues that his conviction on Count 1 is void. However, the

3

factual basis of that claim existed when Petitioner entered his guilty pleas on April 15, 2002. As a result, the claim could have been raised before Petitioner pled guilty, or in a motion to withdraw guilty plea, or in Petitioner's first application for relief. However, Petitioner did not present this claim to the state courts until he filed his third application for post-conviction relief on May 6, 2008, or more than six (6) years after entering his pleas of guilty. Unless Petitioner is entitled to statutory or equitable tolling of the limitations period, the claim raised in this habeas corpus action is clearly time-barred.

Nothing provided by Petitioner indicates that he is entitled to either statutory or equitable tolling of the one-year limitations period. Each of Petitioner's applications for post-conviction relief was filed after expiration of the one-year period and, as a result, none serves to toll the limitations period. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (finding that a collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations). Furthermore, equitable tolling of the limitations period applies only in "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (citing Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)). Petitioner has the duty to pursue his federal claims with reasonable diligence and must demonstrate "that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000); see also Miller, 141 F.3d at 978. More than six (6) years passed between entry of Petitioner's guilty pleas and the presentation of this habeas claim to the state courts. That length of time is not consistent with diligence. Petitioner is not entitled to equitable tolling. His petition is untimely.

Because the claim asserted in this successive petition for writ of habeas corpus is time-barred, the Court finds it would be a waste of judicial resources to transfer this matter to the Tenth Circuit for authorization. Therefore, the petition shall be dismissed for lack of jurisdiction.

**ACCORDINGLY IT IS HEREBY ORDERED that**:

1. The petition for writ of habeas corpus is **dismissed** for lack of jurisdiction as a second or successive petition filed without prior authorization from the Tenth Circuit Court of Appeals.
2. This is a final Order terminating this action.

DATED THIS 13th day of October, 2009.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma